FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DEBRA TAYLOR JOHNSON, | No. 11-16527 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05157-RS |
| v. | |
| CITY OF OAKLAND, CALIFORNIA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted February 11, 2013
San Francisco, California

Before: SCHROEDER, HAWKINS, and MURGUIA, Circuit Judges.

Appellant Debra Taylor Johnson appeals the district court's entry of

summary judgment in favor of Appellee, the City of Oakland ("City"), in her

employment action alleging racial and gender discrimination in violation of Title

VII. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo,

*Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 639 (9th Cir. 2003), and affirm.

The district court determined that Johnson established a prima facie case of discrimination and properly granted summary judgment because Johnson failed to meet her burden of establishing that the City's decision denying her request for retroactive salary and cost of living allowance ("COLA") increases was a pretext for discrimination. The City articulated a "legitimate, nondiscriminatory reason," *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), for denying Johnson's request, *viz.*, her position was established at a flat-rate salary by City Council ordinance and was not eligible for salary increases, and Johnson had already received COLA increases that were approved by the City Council. Johnson has not persuaded us that a "discriminatory reason more likely motivated" the City or shown that the City's explanation is "unworthy of credence," *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Indeed, Johnson has presented no "specific and substantial" circumstantial evidence showing pretext. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002).

**AFFIRMED.**